**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATALIE GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00598 RHH |
| | ) | |
| SHANTONU BASU, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Natalie Gonzalez' Application to Proceed in District Court Without Prepayment of Fees and Costs. [ECF No. 2]. For the reasons set forth below, Plaintiff's Application will be denied, and her Complaint will be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (italics added). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed in forma pauperis. A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Here, the Plaintiff alleges in her Complaint:

1. Defendant engaged in ex parte communication.
2. Plaintiff demands $100,000.

[ECF No. 1 at 1]. The Plaintiff then states why her Complaint complies with the requirements of Federal Rule of Civil Procedure 11. *Id.* That is the entirety of the Complaint.

Even construing Plaintiff's Complaint liberally, as the Court must, given her pro se status, the Plaintiff's allegations fail to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[]"). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

Here, the Plaintiff does not provide factual information in her Complaint designating who the parties are or the reasons for filing the matter in the United States District Court for the Eastern District of Missouri. Additionally, Plaintiff fails to provide any context for her allegations. Furthermore, this same Complaint brought by Natalie Gonzalez against Defendant Shantonu Basu has been filed in numerous federal courts around the country during the past 30 days, including in Arkansas, Colorado, Florida, Georgia, Illinois, Indiana, Kentucky, Massachusetts, Maryland, Missouri, Mississippi, North Carolina, Nebraska, New Mexico, Nevada, Ohio, Oklahoma, Tennessee, Texas, Washington and Wisconsin.[1] The cases were all filed between April 20, 2026 and April 22, 2026. The Plaintiff's mailing address on her return

---

[1] *See* PACER, the federal courts' electronic records system.

2

envelope for her Complaint is Charleston, South Carolina, but it does not appear that Plaintiff has filed an action in a District Court in South Carolina.

### DISCUSSION

An action is "malicious" in the context of § 1915(e)(2)(B)(i) where it is "intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Dismissal based on maliciousness is appropriate where the plaintiff knows the allegations to be false, or where the complaint is "plainly part of a longstanding pattern of abusive and repetitious lawsuits." *Horsey v. Asher*, 741 F.2d 209, 212-13 (8th Cir. 1984). *See also Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (affirming district court dismissal for maliciousness where non-prisoner plaintiff "filed at least thirty separate complaints" in a five-year period, with a number of those cases raising "issues that are the same as or are substantially similar to those in the instant case, against the same defendants"); and *Cooper v. Wood*, 111 F.3d 135 (8th Cir. 1997) (unpublished opinion) (explaining that the Eighth Circuit has "interpreted 'malicious' to apply to situations where the plaintiff knows the allegations to be false…where the complaint is plainly part of a longstanding pattern of abusive and repetitious lawsuits…and where the complaint contains disrespectful references or abusive language").

Certainly, where a Plaintiff, like in this action, files the same Complaint with the same two allegations – just the barest possible sentences – in a plethora of courts within just days of each other, that Plaintiff intends to harass either the Defendant, the Court, or both. For this reason, the Court will dismiss this action, as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [ECF No. 2] is **DENIED**.

3

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this  24th day of April 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE